IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAY VARGAS II, as Personal Representative
of the Estate of BIANNEY GUADALUPE JACQUEZ,
deceased, and MARIA QUINTANA-JACQUEZ,

        Plaintiffs,

vs.                                                No. CIV 12-0322 RB/KBM

ST. VINCENT MEDICAL CENTER, Individually
and d/b/a ST. VINCENT REGIONAL MEDICAL
CENTER, now known as CHRISTUS ST. VINCENT
REGIONAL MEDICAL CENTER,

        Defendant,

ST. VINCENT HOSPITAL, d/b/a CHRISTUS
ST. VINCENT REGIONAL MEDICAL CENTER,

        Third-Party Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

        Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** arises from a tragedy. On March 15, 2007, Maria Quintana-Jacquez presented to St. Vincent Regional Medical Center ("St. Vincent") in Santa Fe, New Mexico for labor and delivery of her full-term baby girl. At about 4:30 p.m., Kristine Parke, M.D. administered a labor-inducing drug and treated Ms. Jacquez as her labor continued through the night. At 7:00 a.m. on March 16, 2007, Kurt Kastendieck, M.D. came on duty and treated Ms. Jacquez. At 8:45 a.m., Dr. Lynore Martinez delivered the baby, Bianney Guadalupe Jacquez, by cesarean section. Baby Bianney had suffered hypoxia, and she died several hours later.

On February 9, 2009, Plaintiffs filed suit against St. Vincent in state court, alleging negligence, negligence per se, and spoliation of evidence. Three years later, on February 17, 2012, St. Vincent filed a Third-Party Complaint for Indemnification and Contribution against Dr. Parke, Dr. Kastendieck, and their employer, La Familia Medical Center ("La Familia"). Subsequently, the United States Attorney certified that La Familia was deemed a federal facility and both physicians were deemed federal employees, pursuant to 42 U.S.C. § 233(a). On March 29, 2012, the United States removed the action to this Court and substituted for La Familia and the physicians. *See* 42 U.S.C. § 233(c).

The United States asserts that any claim St. Vincent had against the physicians was extinguished upon expiration of the three-year statute of repose contained in the New Mexico Medical Malpractice Act. *See* N.M. STAT. ANN. § 41-5-13. Plaintiffs concur in the motion, and they observe that, if the motion is granted, the case must be remanded to state court. St. Vincent opposes the motion, contending that the federal two-year statute of limitations applies and the claim will not accrue unless and until Plaintiffs obtain a judgment against St. Vincent.

The Federal Tort Claims Act (FTCA) applies to St. Vincent's claim against the United States. *United States v. Mitchell,* 463 U.S. 206, 212 (1983) (stating that "the United States may not be sued without its consent . . ."). The FTCA provides, in pertinent part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA waives sovereign immunity and allows the United States to be sued under specific conditions. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

2

Notably, "the FTCA mandates application of state law to resolve questions of substantive liability." *Cannon v. United States*, 338 F.3d 1183, 1192 (10th Cir. 2003). When applying state law, federal courts apply state substantive law and federal procedural law. *See, e.g., Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) (holding federal courts must apply state substantive law and federal procedural law in diversity matters); *Felder v. Casey*, 487 U.S. 131 (1988) (holding federal courts must apply state substantive law and federal procedural law when exercising supplemental jurisdiction).

St. Vincent maintains that federal procedural law controls. The statute of limitations for FTCA claims provides "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). According to St. Vincent, its claim against the United States will not accrue unless and until it pays any judgment Plaintiffs obtain against it. "Provided there exists a right to contribution or indemnity [against the government], the [FTCA's] two year statute of limitations, 28 U.S.C. § 2401(b), does not run from the date of injury but from the time the right to contribution or indemnity accrued, namely, date of payment . . . ." *United States Lines, Inc. v. United States*, 470 F.2d 487, 489 (5th Cir. 1972); *accord Sea-Land Service, Inc. v. United States*, 874 F.2d 169, 173 (3rd Cir. 1989). St. Vincent's argument overlooks the distinction between substantive and procedural law.

The crucial question is whether the statute of repose of the New Mexico Medical Malpractice Act is substantive law. A law is substantive if it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Hanna v. Plumer*, 380 U.S. 460, 466 (1965). This outcome-determinative test must be read with "reference to the twin aims

3

of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* at 468. The question calls for a close reading of Section 41-5-13, which provides:

> No claim for malpractice arising out of an act of malpractice which occurred subsequent to the effective date of the Medical Malpractice Act may be brought against a health care provider unless filed within three years after the date that the act of malpractice occurred except that a minor under the full age of six years shall have until his ninth birthday in which to file. This section applies to all persons regardless of minority or other legal disability.

N.M. STAT. ANN. § 41-5-13.

The New Mexico Court of Appeals has explained that "Section 41-5-13 was enacted in response to a perceived malpractice insurance crisis in New Mexico." *Christus St. Vincent Reg'l Med. Ctr. v. Duarte-Afara*, 267 P.3d 70, 72 (N.M. App. 2011) (citing *Roberts v. Sw. Cmty. Health Servs.*, 837 P.2d 442, 445-46 (1992)). "Through the [New Mexico Malpractice Act], the Legislature made professional liability insurance available to health care providers but conditioned availability to that insurance on a quid pro quo: health care providers could receive the benefits of the [New Mexico Malpractice Act] only if they became qualified health care providers under the [New Mexico Malpractice Act] and accepted the burdens of doing so." *Id.* (citing *Cummings v. X-Ray Assocs. of N.M., P.C.*, 918 P.2d 1321 (N.M. 1996)). The New Mexico Supreme Court granted certiorari on *Duarte-Afara*, but subsequently determined that certiorari should not have been granted. (Govt. Ex. A). *Duarte-Afara* establishes that the three-year statute of repose contained in Section 41-5-13 is an integral aspect of New Mexico law. Because the statute of repose is an integral aspect of the quid pro quo, as established by *Duarte-Afara*, it is a key component of New Mexico law.

Applying the test set forth in *Hanna*, Section 41-5-13 would be controlling if St. Vincent

4

sued the physicians in the New Mexico state courts. Such an action would be dismissed because a complaint for medical malpractice cannot state a claim under New Mexico law unless it is brought within three years after the date that the act of malpractice occurred. Disregarding Section 41-5-13 in this case would significantly affect the result of the litigation as St. Vincent would be permitted to proceed in the action without meeting this threshold requirement. Allowing St. Vincent to proceed would endorse forum shopping by removing the case from Plaintiff's chosen forum. Section 41-5-13 is substantive because it is outcome-determinative and it must be applied in this FTCA action. St. Vincent's claim against the United States fails because the physicians would not be liable to St. Vincent if it filed this suit in the New Mexico courts. *See* 28 U.S.C. § 1346(b)(1). The motion to dismiss the third-party complaint will be granted.

A federal court has an independent obligation to assess its own jurisdiction at any time. *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1158-59 (10th Cir. 2011). Jurisdiction is based upon 28 U.S.C. § 1346 (United States as a defendant). After dismissal of the third-party complaint, federal jurisdiction will no longer exist. If no party files a statement of federal jurisdiction within five days, this matter will be remanded to state court.

**THEREFORE,**

**IT IS ORDERED** that Third-Party Defendant United States of America's Motion to Dismiss, (Doc. 13), is **GRANTED**.

**IT IS FURTHER ORDERED** that, if no party files a statement of federal jurisdiction within five days, this matter will be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

5